15-1322
Arana-Mejia v. Sessions

BIA
Montante, IJ
A089 002 636

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of February, two thousand seventeen.

PRESENT:
JOHN M. WALKER, JR.,
BARRINGTON D. PARKER,
RICHARD C. WESLEY,
*Circuit Judges.*

_____

JAVIER AUGUSTO ARANA-MEJIA, AKA
LUIS ELRIQUE GONZALE BACENET,
*Petitioner,*

v.                                              15-1322
                                                NAC

JEFF SESSIONS, UNITED STATES
ATTORNEY GENERAL,
*Respondent.*\*

_____

FOR PETITIONER:          Jose Perez, Syracuse, N.Y.

FOR RESPONDENT:          Benjamin C. Mizer, Principal Deputy
                         Assistant Attorney General; John W.
                         Blakeley,   Assistant   Director;

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Jeff Sessions is automatically substituted for former Attorney General Loretta E. Lynch as respondent.

Enitan O. Otunla, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Javier Augusto Arana-Mejia, a native and citizen of Guatemala, seeks review of a March 24, 2015, decision of the BIA affirming a November 4, 2013, decision of an Immigration Judge ("IJ") denying Arana-Mejia's motion for a continuance and application for voluntary departure. *In re Javier Augusto Arana-Mejia,* No. A089 002 636 (B.I.A. Mar. 24, 2015), *aff'g* No. A089 002 636 (Immig. Ct. Buffalo Nov. 4, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and BIA's decisions. *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). We note at the outset that Arana-Mejia challenges only the agency's denial of his motion for a

continuance; he does not contest the denial of voluntary departure.

We review the agency's denial of a continuance "under a highly deferential standard of abuse of discretion." *Morgan v. Gonzales*, 445 F.3d 549, 551 (2d Cir. 2006). That is because "IJs are accorded wide latitude in calendar management, and we will not micromanage their scheduling decisions any more than we review such decisions by district judges." *Id.*

An IJ "may grant a motion for continuance for good cause shown." 8 C.F.R. § 1003.29. Although the regulations do not define "good cause," the agency requires that a movant seeking a "continuance based upon an asserted lack of preparation . . . make a reasonable showing that the lack of preparation occurred despite a diligent good faith effort to be ready to proceed . . . [and] establish[] that th[e] denial caused him actual prejudice and harm and materially impacted the outcome of his case." *In re Sibrun*, 18 I. & N. Dec. 354, 356-57 (B.I.A. 1983).

The agency did not abuse its discretion in denying a continuance because Arana-Mejia did not make "a reasonable showing that the lack of preparation occurred despite a diligent

3

good faith effort to be ready to proceed." *In re Sibrun*, 18 I. & N. at 356. Arana-Mejia argues in this Court that he telephoned many attorneys, but was not able to retain one. He did not make this claim before the agency; instead, he offered no account of his attempts to secure counsel in the two months since firing his prior attorney or any plausible explanation for why the attorney he had supposedly retained to replace her was not present. The agency also correctly observed that Arana-Mejia's case had been pending for over two-and-a-half years and that he had been given a list of free legal services providers before he was even placed in removal proceedings. Under such circumstances, Arana-Mejia did not make a "reasonable showing that the lack of preparation occurred despite a diligent good faith effort." *In re Sibrun*, 18 I. & N. at 356.

Even assuming that Arana-Mejia had established diligence, he is unable to show that the "denial [of a continuance] caused him actual prejudice[.]" *In re Sibrun*, 18 I. & N. Dec. at 356-57. He asserts that the record clearly demonstrates he *may* have a legitimate claim for asylum and related relief and that he was therefore prejudiced by the continuance denial. But

4

despite being counseled both on appeal to the BIA and in this Court, Arana-Mejia has neither submitted an I-589 asylum application nor articulated a claim. Accordingly, he has failed to demonstrate actual prejudice with respect to any potential claim for asylum and related relief. *Cf. Rabiu v. INS*, 41 F.3d 879, 882 (2d Cir. 1994) (A petitioner seeking to establish actual prejudice from his attorney's failure to apply for relief from removal "must make a prima facie showing that he would have been eligible for the relief.").

Arana-Mejia also asserts that he is entitled to a continuance on the grounds that his due process rights were violated when the IJ admitted into evidence his Form I-213 Record of Deportable/Inadmissible Alien without affording him sufficient time to examine it. "Parties claiming denial of due process in immigration cases must, in order to prevail, 'allege some cognizable prejudice fairly attributable to the challenged process.'" *Garcia-Villeda v. Mukasey,* 531 F.3d 141, 149 (2d Cir.2008) (citation omitted). Again, Arana-Mejia cannot show prejudice: the Form I-213 was admitted as evidence of his criminal history and his false claim of U.S. citizenship, and Arana-Mejia's testimony independently established both.

Those findings, moreover, were made in support of the agency's denial of voluntary departure, which Arana-Mejia does not contest on appeal.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk